IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. AND MARY J. EAKINS,<br><br>   Plaintiffs,<br><br>v.<br><br>FALCON RIDGE RESIDENTIAL PARK,<br>a/k/a FALCON RIDGE HOMEOWNERS<br>ASSOC.,<br><br>   Defendant. | Case No. C15-0448RSM<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR SUMMARY JUDGMENT<br>AND GRANTING DEFENDANT'S<br>MOTION TO DISMISS |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment and Defendant's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). Dkts. #10 and #11. While characterized as a motion for summary judgment, it appears that Plaintiffs seek an order of default, arguing that Defendant has not timely responded to their Complaint. *Id.* Defendant opposes Plaintiffs' motion, and bases its own motion, on the arguments that this Court lacks subject matter jurisdiction and Defendant has not been properly

ORDER– 1

served with a summons and complaint in this matter. Dkt. #15. For the reasons discussed herein, the Court DENIES Plaintiffs' motion for summary judgment and GRANTS Defendant's motion to dismiss.

## II. BACKGROUND

This case arises out of a Judgment entered against Plaintiffs in King County Superior Court, and a subsequent garnishment of wages. Dkt. #6. According to Plaintiffs, they have had long-standing disputes with Defendant over alleged violations committed by Plaintiffs and their right to make certain repairs to their property. *Id.* Plaintiffs assert that they attempted to resolve these issues with Defendant; however, Plaintiffs allege that, rather than working amicably, Defendant waited until Mr. Eakins was very ill and then initiated a lawsuit against them in King County Superior Court. *Id.* Plaintiffs further allege that because of Mr. Eakins' illness, they were unable to adequately defend themselves in the State court, and that Defendant intentionally took advantage of Mr. Eakins' illness and handicap to deprive Plaintiffs of their rights. *Id.* Plaintiffs then brought the instant matter in this case, seeking an Order setting aside the State Court Judgment, granting a refund of all wages that have been garnished (with interest), granting fees and costs, and granting punitive damages in the amount of $50,000.00. *Id.* The instant motion followed.

## III. DISCUSSION

**A. Plaintiffs' Motion for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter,

ORDER– 2

but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

In this case, Plaintiffs assert that they are entitled to summary judgment because Defendant failed to Answer their Amended Complaint or otherwise respond within 21 days as required by the Federal Rules of Civil Procedure. Dkt. #10. Defendant responds that the Rules were never triggered because it was never properly served, and the Court lacks jurisdiction in any event. Dkts. #11 and #15. For the reasons discussed below, the Court agrees in part with Defendant and denies Plaintiff's motion for summary judgment.

**B. Defendant's Motion to Dismiss Under 12(b)(5)**

Defendant argues that it was never properly served with a Summons and Complaint in this matter because service was never made on a registered agent of the corporation. Dkts. #11 and #15. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside Cty.*, 237

ORDER– 3

F.R.D. 423, 424 (C.D. Cal. 2006) (internal quotation marks and citation omitted). When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, Plaintiffs assert that they properly served Defendant's attorney, Jennifer Hill, who had represented Defendant in the underlying debt collection in this matter. Dkt. #16 and Exhibit 1 thereto.

To determine whether service of process is proper, the court looks to the requirements of Fed. R. Civ. P. 4. Under Fed. R. Civ. P. 4(h), a plaintiff must serve a corporation in one of two manners – 1) by delivering a copy of the summons and complaint in the manner prescribed under Rule 4(e)(1) (by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made). Under Washington law, proper service in a suit against a corporation not otherwise specifically enumerated in the applicable statue is made through personal service to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent. RCW 4.28.080(9); or 2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. Fed. R. Civ. Pro. 4(h)(1).

If proper service under Federal Rule of Civil Procedure 4 is not accomplished within 120 days after the complaint is filed and the serving party cannot show good cause why such

ORDER– 4

service was not made, the action must be dismissed. *See* Fed. R. Civ. Pro. 4(m); *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987). The burden is on the plaintiff to establish the validity of service or to create an issue of fact requiring an evidentiary hearing. *See Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

The Amended Complaint was filed on April 30, 2015. The time period for proper service, 120 days, has not yet run and will not run for several months. Accordingly, even assuming that Plaintiffs have improperly served Defendant, this motion is premature. Therefore, the Court denies the motion on that basis.

With respect to the time period for Answering a Complaint or otherwise responding, the Court finds Plaintiffs' argument moot. Defendant has now filed the instant motion, which the Court finds appropriate to address on the merits, along with an Answer to the Amended Complaint.

**C. Motions to Dismiss Under 12(b)(1)**

The Court now turns to Defendant's motion to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, this Court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on

ORDER– 5

subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). Defendant asserts a facial attack in its instant motion.

The Court agrees with Defendant that it lacks subject matter jurisdiction over this matter. The parties both reside in Washington and it appears that an amount less than $75,000 is in controversy. Thus, there is no diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332. Likewise, there does not appear to be any federal question at issue. *See* 28 U.S.C. § 1331. As discussed by the Court in its previous Order denying Plaintiffs' request for a temporary restraining order, this Court is bound by the Anti-Injunction Act, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. These three exceptions are to be construed narrowly, "resolv[ing] doubts in favor of letting the state action proceed." *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999). The relief that Plaintiffs appear to seek in this Court is not within the Court's authority. Moreover, Plaintiffs have failed to demonstrate that this Court has jurisdiction over the claims in this case. *See* Dkt. #16 at 2 (arguing that "if Defendants won't meet in good faith, the courts should not only penalize them, but should

force them to act in good faith."). For these reasons, the Court grants Defendant's motion to dismiss.

### D. Motions to Dismiss Under 12(b)(6)

Having determined that this Court lacks subject matter jurisdiction over the instant action, the Court need not reach Defendant's alternative arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).

### E. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiffs' Complaint, particularly given the relief Plaintiffs seek as discussed above.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Plaintiffs' Motion for Summary Judgment (Dkt. #10) is DENIED.

ORDER– 7

2) Defendant's Motion to Dismiss (Dkt. #11) is GRANTED and all claims against Defendant are DISMISSED with prejudice.

3) This matter is now CLOSED.

DATED this 22 day of June, 2015.

	RICARDO S. MARTINEZ
	UNITED STATES DISTRICT JUDGE

ORDER– 8